*Langdon,* for plaintiff.
————— ———, for defendant.

## I. SMITH *against* ITHAMAR HUBBARD and ISAAC M'WITHY.

Where a new action is not barred by the statute, the Court will not readily grant a new trial, because the Jury have not pursued the direction of the Judge's charge.

MOTION in arrest of judgment, and for trial *de novo,* in ejectment.

This cause was tried at the stated term, *February,* A. D. 1801. Verdict for defendant.

*Darius Chipman* and ——— ———, filed the following motion:

And now the said *Israel Smith*, in Court, after verdict, and before judgment had and rendered thereon, moves and prays the Court, that no judgment may be rendered on the verdict of the Jury in said cause, because he says that the verdict of said Jury was returned against him contrary to law and the directions of the Court in matters of law. Wherefore he prays the judgment of the Honourable Court, that the same verdict may be set aside, and a new trial granted in the same cause by his attornies, &c.

Arguments upon the motion were heard this term :

*Daniel Chipman*, against the motion, stated, that it appeared in evidence upon the trial, that in 1781, *John Paine*, brother-in-law to the plaintiff, sold an entire proprietary right of land, which embraced the lots described in the declaration, to the ancestor of the defendant. The plaintiff was conusant of the facts, and suffered his claim to lie dormant until the year 1794, when this adverse claim was made. That there was probable presumption that the plaintiff had given a deed of the premises to *John Paine;* and that afterwards, by some connivance, this deed was destroyed, and thus an equitable title at least was defeated. Both plenary and presumptive evidence of facts of this nature was before the Jury, who undoubtedly did substantial justice between the parties. The defence in the cause was the statute of limitations, and the verdict was founded on the weight of evidence, and not biassed by any moot points in law; and therefore this is not a case contemplated by the statute, which enables the Court to grant new trials.

*Margin notes:*

Smith
v.
Hubbard and
M'Withy.

On motion for a new trial, because the verdict is against law and the direction of the Court, if it appears there were matters in fact as well as law under the consideration of the Jury, and that if the Jury found the facts one way, they had applied the law correctly, the Court will not attempt to discuss the motives to the verdict, but will presume it to be correct.

Smith
v.
Hubbard and
M·Withy.

Besides, the Court never favour new trials in actions of ejectment. Formerly they were never granted, because of the respect due to the possession of lands, and because the party might bring a succession of actions of ejectment; and the object of a new trial in ejectment could only be to save costs.

———— ———— arose to reply.

*Sed per Curiam.* It is not usual for the Court to interrupt failing counsel; but the case is so clear, that it would be a waste of time to hear further argument.

The Court are directly against the motion, on two grounds:

First. If the statute of limitations does not bar a new suit, we see no propriety in granting a new trial.

*Vermont* Stat.
vol. 1. p. 97.

Secondly. The Court are restricted by the statute in granting new trials to those cases alone where the Jury in the opinion of the Court *mistake the law.* Here were matters of law and fact given to the Jury. If the Jury found certain facts, they did not mistake the law; and we see no necessity of discriminating the motives of the verdict.

Motion discharged.

*Darius Chipman* and ———— ————, for plaintiff.
*Daniel Chipman,* for defendant.